**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADELPHIA METALS I LLC, | : | |
| Plaintiff, | : | Civil Action No. _____ |
| | : | |
| v. | : | |
| | : | |
| MEN OF STEEL REBAR FABRICATORS | : | JURY TRIAL DEMANDED |
| LLC, | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, ADELPHIA METALS I LLC ("Plaintiff"), by and through undersigned

counsel, files this Complaint against Defendant MEN OF STEEL REBAR FABRICATORS,

LLC ("Men of Steel" or "Defendant"), and alleges as follows:

## I. NATURE OF THE ACTION

1.     This is an action for breach of contract, account stated, defamation, commercial

disparagement, tortious interference with contractual relations, and declaratory and injunctive

relief arising from Defendant's failure to pay trade receivables and from false statements made to

Plaintiff's insurers.

## II. PARTIES

2.     Plaintiff ADELPHIA METALS I LLC is a limited liability company organized

under the laws of New Jersey with its principal place of business at 1930 Marlton Pike East,

Suite M66, Cherry Hill, New Jersey 08003.

3.      Defendant MEN OF STEEL REBAR FABRICATORS LLC is a Pennsylvania limited liability company with its principal place of business at 2500 State Road, Unit A, Bensalem, Pennsylvania 19020.

### III. JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). The parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and Defendant resides in this District.

### IV. FACTUAL ALLEGATIONS

6.      Plaintiff is a supplier of reinforcing steel products.

7.      Defendant is engaged in the fabrication of reinforcing steel.

8.      Plaintiff sold and delivered rebar and related materials to Defendant on agreed credit terms.

9.      As of July 8, 2025, Plaintiff issued invoices totaling in excess of $2,200,000.00 (the "Receivable").

10.     Defendant accepted the goods without timely objection and became obligated to pay pursuant to agreed terms.

11.     Defendant has failed and refused to pay the Receivable despite repeated written demands.

12.     At all relevant times, Plaintiff maintained trade credit insurance policies insuring against non-payment of covered receivables.

13. In or about July 2025, Defendant transmitted written correspondence asserting that the Receivable was subject to an "active dispute."

14. The July 2025 correspondence specifically asserted that payment was properly withheld due to contractual nonperformance.

15. These statements were false.

16. Defendant had accepted the goods, raised no timely objections, and had no legitimate contractual basis to withhold payment.

17. Defendant knew its statements would be provided to and relied upon by Plaintiff's insurers.

18. As a direct result of Defendant's false assertions, Plaintiff's insurers delayed and/or withheld insurance proceeds exceeding $1,600,000.

19. Plaintiff's insurers asserted that based upon the July 2025 correspondence that an actual controversy.

## COUNT I

### Breach of Contract

20. Plaintiff incorporates Paragraphs 1–19.

21. A valid contract existed for the sale of goods between Plaintiff and Defendant.

22. Plaintiff fully performed its obligations.

23. Defendant breached the contract by failing to pay the invoiced amounts.

24. Plaintiff has suffered damages in the minimum sum of $1,600,000.00 plus interest.

## COUNT II

### Account Stated

25.    Plaintiff incorporates Paragraphs 1–19.

26.    Plaintiff rendered statements of account reflecting amounts due.

27.    Defendant retained those statements without timely objection.

28.    An account was stated in the amount of $2,200,000.00 of which credit insurance provided a partial payment and the sum of $1,600,000.00 remains unpaid.

## COUNT III

### DEFAMATION

29.    Plaintiff incorporates Paragraphs 1–19.

30.    In July 2025, Defendant published written statements to third parties, including Plaintiff's insurers, asserting that:

a. Plaintiff materially breached contractual obligations;

b. The invoices were invalid; and

c. A legitimate payment dispute existed.

31.    These statements were statements of fact, not opinion.

32.    The statements were false.

33.    Defendant knew the statements were false or acted with reckless disregard for their truth or falsity.

34.    The statements were published to third parties for the purpose of affecting Plaintiff's insurance claims.

35.    The statements directly concerned Plaintiff's business integrity and competence and constitute defamation per se under Pennsylvania law.

36. As a direct result, Plaintiff suffered:

a. Loss and delay of insurance proceeds exceeding $1,600,000;

b. Harm to reputation in the credit and insurance marketplace;

c. Financial damages.

37. The statements were not privileged. Alternatively, any conditional privilege was abused through malice and reckless disregard for the truth.

## COUNT IV

### Commercial Disparagement

38. Plaintiff incorporates Paragraphs 1–19.

39. Defendant published false statements concerning Plaintiff's business practices and financial dealings.

40. The statements were made with malice and intent to avoid payment.

41. Plaintiff suffered specific pecuniary loss, including delayed and withheld insurance proceeds exceeding $1,600,000.

## COUNT V

### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

42. Plaintiff incorporates Paragraphs 1–19.

43. Plaintiff had valid and enforceable insurance contracts with trade credit insurers.

44. Those contracts required indemnification for covered losses absent a bona fide dispute.

45. Defendant was aware of Plaintiff's insurance relationships.

46.     Defendant intentionally transmitted false dispute assertions to Plaintiff's insurers for the purpose of:

a. Avoiding payment of the Receivable; and

b. Triggering policy dispute exclusions.

47.     Defendant's conduct was intentional, improper, and without privilege or justification.

48.     But for Defendant's false assertions, Plaintiff would have received full insurance indemnification.

49.     As a direct result, Plaintiff suffered damages exceeding $1,600,000.

## COUNT VI

### Declaratory and Injunctive Relief

50.     Plaintiff incorporates Paragraphs 1–19.

51.     Plaintiff seeks a declaration that no bona fide dispute exists regarding the Receivable.

52.     Plaintiff seeks injunctive relief prohibiting Defendant from making further false dispute assertions concerning Plaintiff's receivables and insurance claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment against Defendant for in the minimum sum of $1,600,000 plus interest;

B. Declare that the Receivable is valid and not subject to a bona fide dispute;

C. Award compensatory damages exceeding $1,600,000;

D. Award punitive damages;

E. Order a mandatory written retraction to all recipients of the July 2025 correspondence;

F. Award attorneys' fees and costs;

G. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Vincent N. Melchiorre
Vincent N. Melchiorre, Esquire
DeFino Law Associates, P.C.
2541 S. Broad Street,
Philadelphia PA, 19148
215-551-9099
vnm@definolawyers.com
Attorney for Plaintiff